

## NUMBER 13-17-00559-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**TRAIMANE LEBLANC KETTLES,**                                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

---

### On appeal from the 264th District Court
### of Bell County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Contreras

Appellant Traimane LeBlanc Kettles pleaded guilty to possession of methamphetamine, a controlled substance, in an amount less than one gram, a state-jail felony, and she was placed on deferred adjudication community supervision. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), .115(b) (West, Westlaw through 2017 1st

C.S.). The State later filed a motion to revoke her community supervision. The trial court found the alleged violations in the motion to be true, revoked appellant's community supervision, adjudicated her guilty, and sentenced her to eleven months in the Texas Department of Criminal Justice—Institutional Division. Appellant appealed, and her court-appointed appellate counsel has filed an *Anders* brief stating there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF[1]

Appellant's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has found no non-frivolous grounds for appeal. *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation of the record showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d at 813, and *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014), counsel carefully discussed why, under

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

controlling authority, there is no reversible error in the trial court's judgments. Appellant's counsel has also informed this Court that he has: (1) notified appellant that he has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both filings; (3) informed appellant of her rights to file a pro se response,[2] to review the record preparatory to filing that response, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record with instructions to file the motion in this Court. *See Anders*, 386, U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 609 n.23. More than adequate time has passed, and appellant has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellant Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).

### III.  MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffrey v. State*, 903 S.W.3d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.

We order counsel to send a copy of this opinion and judgment to appellant, and to advise her of her right to file any petition for discretionary review within five days of the date of this opinion.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 67 (Tex. Crim. App. 2006).

### IV.  CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of August, 2018.

---

[3] No substitute counsel will be appointed.  If appellant seeks further review by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  A petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see id.* R. 68.3(a), and must comply with the requirements of the Texas Rule of Appellate Procedure.  *See id.* R. 68.4.